IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDWARD JESSE WAITS                                                                                          PLAINTIFF

v.                                          Case No. 4:15-cv-04100

WRIGHT'S GLASS CO., L.L.C.;
WRIGHT'S GLASS CO, #2 L.L.C.;
LORIE PAGE; JOHNNY PAGE; and
JOHNATHAN P. PEDRON                                                                                   DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Dismiss, or in the Alternative to Transfer for Improper Venue.  (ECF No. 7).  Plaintiff has responded to the motion.  (ECF No. 11).  Defendants have filed a reply.  (ECF No. 12).  The Court finds this matter ripe for its consideration.

Plaintiff filed his Complaint in the Western District of Arkansas, asserting that Defendants wrongfully terminated his employment and wrongfully failed to pay him overtime compensation. Defendants assert that venue is improper in the Western District of Arkansas because none of the Defendants are residents of Arkansas and none of the events or omissions giving rise to Plaintiff's claim occurred in Arkansas.  They assert that this action should have been brought in the Eastern District of Texas.  Plaintiff argues venue is proper in the Western District of Arkansas because he is a resident of the state of Arkansas, he was terminated while in Arkansas, and that the damages were incurred in Arkansas.

Under 28 U.S.C. § 1391(b), venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

The Eighth Circuit has said that the Court must focus on the "relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014) *cert. denied*, 135 S. Ct. 2050 (2015).  In this case, all Defendants reside in the Eastern District of Texas.  Plaintiff was employed at a store located in the Eastern District of Texas.  The actions of Defendant giving rise to this litigation, including Defendants actions during Plaintiff's employment and Defendants' termination of Plaintiff, occurred at the store in the Eastern District of Texas.  Accordingly, the Court finds that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas, and venue is not proper in the Western District of Arkansas.

If a case is brought in a district where venue is improper under § 1391(b), the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The Court finds it in the interest of justice to transfer this case to the Eastern District of Texas.

Accordingly, Defendant's Motion to Dismiss, or in the Alternative Transfer for Improper Venue (ECF No. 7) is hereby **GRANTED**.  The Clerk is directed to transfer this case to the Eastern District of Texas for all further proceedings.  28 U.S.C. § 1406(a)

**IT IS SO ORDERED**, this 18th day of February, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge